UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARZALLAH MARTIN-DREW
SINGLETON EL BEY,

                Plaintiff,

-against-

JOHN DOE,

                Defendant.

24 Civ. 2207 (LGS)

ORDER OF DISMISSAL

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff Marzallah Martin Drew Singleton El Bey originally filed this matter as a miscellaneous case on August 7, 2023.[1] He improperly listed himself as the defendant and it is unclear whom he intended as the counterparty. Because the nature of Plaintiff's filing did not fit any of the listed categories of miscellaneous matters, by order dated August 11, 2023, Judge Gregory H. Woods directed the Clerk of Court to administratively close the miscellaneous case, and to open Plaintiff's submission as a new civil action listing Plaintiff as the plaintiff and "John Doe" as the defendant. (Dkt. 1.) On March 25, 2024, the Clerk of Court opened Plaintiff's submission as a new civil action, and it was assigned this case number.[2] For the reasons set forth below, the complaint is dismissed.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

---

[1] Plaintiff paid the $49.00 fee to file a miscellaneous case in this court.

[2] Plaintiff paid the $402.00 in fees required to file a civil action in this court at the time of filing in August 2023.

(2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994).[3]  The Court is obliged, however, to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original).

## BACKGROUND

Plaintiff's submission includes various documents, none of which include any indication of why he is filing them in this court.  Among the documents Plaintiff submits is a "Public Servant (s)/Respondent (s) Questionnaire," which begins by stating, "This questionnaire must be filled-out by any public servant(s)/respondent(s) before s/he can ask any question of Martin-Drew:Singleton, a Trustee/Secured Party/Bailor."  (Dkt. 2-1 at 1.)  The document includes questions such as, "Will you as a public servant furnish a copy of the law or regulation that authorizes the action being taken or information requested in this case?" and "What will be the effect upon me if I should not choose to answer any or all of these questions?"  (*Id.*)

Plaintiff attaches multiple copies of a seven-page document labeled, "Notice of Conditional Acceptance & Negative Averment of Petition Holdover/Residential Eviction," with a subheading that states, "For the Record, To Be Read Into The Record Notice to Agent is Notice to Principal -- Notice to Principal is Notice to Agent."  (Dkt. 2-2 at 1.)

---

[3] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

> The document begins:
>
> Comes now, MARTIN DREW SINGLETON Securities Acquisition Trust Commission's ©^(TM,) Authorized Representative of MARTIN DREW SINGLETON Estate/Trust, hereinafter your Trustee/Affiant/Undersigned, being of the age of majority to a member republic of the Union established by the articles of confederation and later expressed by the Declaration of Independence and guaranteed protections under the 1787 Constitution and 1789 Bill of Rights of the United States of America.  Affiant affirms under oath of the facts stated herein are true, correct, and complete in accordance with the Affiant's best first-hand knowledge, to establish a security agreement between the parties mentioned herein join and several for the purpose of creating a security interest for the affiant by conditional acceptance of Notice of Petition Holdover/Residential Eviction.

(*Id.*)

> The document continues:
>
> We will conditionally accept your presentments for setoff, settlement, and closure with full immunity without recourse based upon BORAH, GOLDSTEIN, ALTSCHULER, NAHINS & GOIDEL, P.C., David R. Brody, Moshe Altmark, Matt Grabina, Kevin F. Casey and any other individual or entity completely filling out the attached Public Servant(s)/Respondent(s) Questionnaire, presentment of an authorized signed original leave contract from March 5, 2014 with the undersigned's direct explicit consent, an admission of dishonor, presentment of a delegation of authority, admission of guilt to originally lying under oath, admission to defamation of character, admission to discrimination, presentment of a valid proof of claim regarding the use of email address playboy2090@excite.com, . . . , admission of copyright infringement, admission to neglecting and destroying building property with willful intent, violation of the TRUST/ESTATE and the substance of intellectual property represented by the "name" CAPITIS DIMINUTO all-capital letters "MARTIN DREW SINGLETON", and Valid Proof of Claim that MARTIN DREW SINGLETON Trust Estate & Marzallah Martin Drew Singleton El Bey isn't the 1st lien and secured party interest holder in this case.

(*Id.*)  The document is signed by Plaintiff over a signature line reading, "His Royal Highness Marzallah Martin Drew Singleton El Bey, The MARTIN DREW SINGLETON Securities Acquisition Trust Commission © ^(TM), A Private Foundational Trust Organization." (*Id.* at 6.)

Plaintiff includes three copies of the document: the first copy is addressed to an Administrative Judge and other officials at the Civil Court of the City of New York, County of Bronx: Housing Part; the second copy is addressed to David R. Brody and Gabriel Block of

3

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C.; and the third copy is addressed to Moshe Altmark, Adi Altmark, and Linda Siegel of the Altmark Group.

Plaintiff also includes a document labeled "Actual and Constructive Notice of Default and Engagement Into A Private Contract." (Dkt. 2-5 at 1.)  It begins:

> On July 14, 2023, the undersigned Secured Parties/Trustees sent a NOTICE titled: CONDITIONAL ACCEPTANCE AND OPPORTUNITY TO CURE.  YOU RECEIVED A PUBLIC SERVANT(S)/RESPONDENT(S) QUESTIONNAIRE, CONDITIONAL ACCEPTANCE FOR VALUE (CAFV), NOTICE OF SPECIAL APPEARANCE, & QUO WARRANTO FOR PROOF OF CLAIM OF FULL DISCLOSURE AS TO THE CLAIM OF OWNERSHIP & CERTIFICATE OF TITLE/WRIT OF POSSESSION AND PROPERTY AND FULL DISCLOSURE AS TO YOUR AUTHORITY OVER SOVEREIGN PROPERTY AND INTEREST IN CASE for Index no: LT320525/2023, Docket Number: LS-0282, Loft Board No.5159, IMD Number: 10420, OATH Index No. 1752/22, Case #H74679, & SECURITY TITLE NUMBER 1-5-6-8-4-2-0-4-2-8-3 & 1-1-3-6-8-9-2-6-5 AS LISTED ON GMEIUTILITY.ORG; OFFICIAL/PERSONAL MISCONDUCT/TRESPASS . . .

(*Id.*)

The document continues:

> You failed to perform after receiving these presentments from His Royal Highness Marzallah Martin Drew Singleton El Bey, Trustee for The MARTIN DREW SINGLETON Securities Acquisition Trust Commission ©TM, a Private Foundation Trust Organization; and you failed to perform by providing the requested instruments and necessary PROOF(S) OF CLAIM (Discovery), you failed or neglected to bring the requested evidence forth after receiving the said Conditional Acceptance For Value from the undersigned's per your receipt and acceptance thereof.  As the Respondent, you are now at fault and you are in agreement and have stipulated to the terms of the undersigned's dated presentment through your dishonor should you fail to Cure by providing Valid Proof of Claim, Delegation of Authority, requested particulars, Quo Warranto, Public Servant(s)/Respondent(s) Questionnaire and/or Discovery.

(*Id.*)

That document was addressed to Moshe Altmark, Adi Altmark, Matt Grabina, Linda Siegel, David R. Brody, Gabriel Block, Borah, Goldstein, Altschuler, Nahins & Goidel, P.C. & Partners, with this court's Chief Judge Laura Taylor Swain and Clerk of Court Ruby J. Krajick

copied.  (*Id.*)

Finally, Plaintiff attaches a document labeled "Averment of Jurisdiction - Quo Warranto" that is captioned for the Civil Court of the City of New York, County of Bronx: Housing Part, and contains similar pseudo-legal jargon to the language quoted above.  (*See* Dkt. 2-7.)

## DISCUSSION

The complaint is dismissed as frivolous.  A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

Even when read with the "special solicitude" due pro se pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's submission rises to the level of the irrational, and there is no legal theory on which he can rely, *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Livingston*, 141 F.3d at 437. The complaint consists of copies of documents addressed to non-parties and contains largely incomprehensible pseudo-legal jargon.  The complaint alleges no facts suggesting that anyone has violated Plaintiff's rights and implicates no viable cause of action.  Accordingly, as there is no factual predicate or legal theory on which Plaintiff may rely to state a claim, the complaint is based on an indisputably meritless legal theory.  Thus, a finding of frivolousness is warranted, *see Livingston*, 141 F.3d at 437, and this action is dismissed as frivolous.

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous.

**CONCLUSION**

The complaint is dismissed with prejudice as frivolous.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close the case.

Dated:  April 10, 2024
         New York, New York

                                            LORNA G. SCHOFIELD
                                         UNITED STATES DISTRICT JUDGE